UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: SEIZURE OF $143,265.78 FROM
COMERICA CHECKING ACCOUNT
NO. 1851349546 AND $28,687,40 FROM
CHECKING ACCOUNT NO.
1080022185.

Case Number 07-50329
Honorable David M. Lawson

_____/

## **OPINION AND ORDER DENYING COMERICA BANK'S MOTION TO SET ASIDE FORFEITURE**

The government seized nearly $200,000 from the bank accounts of Global Consulting Group, Inc. and its principal, Raghu Vupputuri, alleging that the funds were proceeds from an illegal money laundering and visa forgery operation. The accounts were held by Comerica Bank, which claims an interest in the funds by virtue of a security agreement with its customers, Global Consulting and Vupputuri. Comerica filed a formal claim with the government, which was rejected as untimely and procedurally defective. Comerica now asks the Court to set aside the forfeiture, arguing that its claim was both timely and properly presented, and insisting that the notice given was not "proper" within the meaning of the applicable statute because the bank's attorneys were not given notice simultaneously as they had requested previously. The Court heard oral argument from the parties on May 11, 2009, and now finds that Comerica failed to file its claim in accordance with the formal requirements of the administrative forfeiture statute, 18 U.S.C. § 983. The claim was properly rejected by the government, and this Court finds no grounds on which to set aside the forfeiture. Comerica's motion, therefore, will be denied.

I.

Global Consulting Group, Inc. and its principal, Raghu Vupputuri, had deposited funds in two Comerica Bank accounts. The United States Bureau of Immigration and Customs Enforcement obtained a seizure warrant from a United States magistrate judge on October 10, 2007 and executed the warrant the next day, according to the search warrant docket. The affidavit prepared in support of the seizure warrant claimed violations of laws prohibiting money laundering, 18 U.S.C. § 1956, and the forgery of visas, passports, and other entry documents, 18 U.S.C. § 1546, as the offenses that justified the forfeiture. The money allegedly was proceeds of those offenses.

Pursuant to the warrant, cash under the control of Comerica Bank was seized from the following accounts: $28,687.40 from trust account number 108022185; and $143,265.78 from checking account number 1851349546. Comerica Bank claims that it had no knowledge that Global Consulting or Vupputuri were engaged in illegal activity, and for the purpose of the present motion the government does not contest that point.

On October 17, 2007, an e-mail was sent from Sandra Jasinski, who purported to be an attorney representing Comerica, to Assistant United States Attorney (AUSA) Julie Beck concerning the seizure warrant. The message reads:

> From:      Jasinski, Sandra
> Sent:      Wednesday, October 17, 2007 3:35 PM
> To:        'Julie.beck@usdoj.gov'
> Subject:   Global Consulting
>
> Hello Julie:
>
> Thank you for taking my call yesterday regarding the order served on my client, Comerica Bank. As I indicated, Comerica Bank has a security interest in the seized funds as a result of its loan agreements with Global Consulting. My client is in the process of gathering/organizing the loan documents in anticipation subsequent forfeiture proceedings. I will forward them to your attention as soon as I receive them. I would appreciate it if, to the extent you can, you would be so kind to keep me in the loop on how this matter progresses.

> Is ICE handling this? Is there anything that you are liberty to share about the underlying investigation? From a review of PACER, it appears that there were some proceedings earlier this year against the Company's principal in connection with visa fraud, but that they were dismissed without prejudice.
>
> Again, thanks for taking my call and being so helpful.
>
> Regards,
>
> Sandy Jasinski

Mot., Ex. B. A few days later, a follow-up letter was sent:

> November 8, 2007
>
> Julie Beck, Esq.
> Assistant United States Attorney
> United States. Attorney's Office
> 211 W. Fort Street, Suite 2001
> Detroit, Michigan 48226
>
> Re: Global Consulting Group, Inc.
>
> Dear Ms. Beck:
>
> I am following up to our telephone conversation regarding Global Consulting Group, Inc. and the seizure of sums in the company's deposit accounts that it maintained at Comerica Bank.
>
> For your information, I am enclosing the following documents regarding the loan between Comerica Bank and Global Consulting Group:
>
> 1. Master Revolving Note dated September 7, 2006 in the amount of $500,000.00;
>
> 2. Security Agreement (All Assets) dated September 7, 2006;
>
> 3. Personal Guaranty signed by Raghu Vupputuri dated September 7, 2006;
>
> 4. UCC Financing Statements field on September 13, 2006; and
>
> 5. Automatic Loan Payment Authorization.

> Pursuant to the terms of the loan documents, Comerica Bank has a perfected security interest in, among other things, the deposit accounts Global Consulting maintained at the Bank, including the funds described in the order served on the Bank on October 17.
>
> Please consider this letter a request that I be provided with notice of any and all proceedings involving the funds seized from Comerica Bank in order for the Bank to protect its interest in the collateral securing its loan.
>
> Regards,
>
> [Signature]
> Sandra L. Jasinski

Mot., Ex. C. There apparently was no written response from the United States Attorney's Office or any acknowledgment that courtesy copies of forfeiture paperwork would be sent to the bank's attorney.

On November 29, 2007, Wanda Vela, an agent with the United States Customs and Border Protection (CPB) agency, sent the following notice addressed to Comerica Bank at their branch at 17111 North Laurel Park Drive in Livonia, Michigan:

> This is to officially notify you that on October 17, 2007, Special Agents from the Bureau of Immigration and Customs Enforcement in Detroit, Michigan seized $28,687.40 in U. S. Currency from Comerica trust account number 1080022185 and $143,265.78 in U. S. Currency from Comerica checking account number 1851349546 (Account holder: Global Consulting Group). The currency was seized and is now subject to criminal forfeiture pursuant to title 18, United States Code, section 982(a) for violation of title 18, United States Code, sections 1546 and 1946.
>
> The facts available to U.S. Customs and Border Protection indicate that you might have an interest in the seized property. The purpose of this letter is to advise you of the legal options available to you concerning this seizure. Important documents are attached to this letter. Please do not ignore them.
> . . .
>
> If you take no action within thirty-five (35) days from the date of this notice . . . **your right to contest forfeiture will be extinguished**.

Govt's Resp., Ex. 2. The notice outlines options that the claimant may utilize, including abandoning the property or filing a claim. The government claims that the notice was sent by certified mail on November 29, 2007. Comerica concedes that the letter was sent and delivered, although at oral argument counsel stated that the bank cannot locate a copy of the document. The government has the return-receipt from the certified mailing. All parties agree that no notice was sent to Ms. Jasinski.

A few weeks passed with no claim being filed, so CBP served general notice of forfeiture by publication in the Detroit Legal News on January 24, 2008, January 31, 2008 and February 7, 2008. On February 22, 2008, the bank filed a petition for remission of the funds. The petition identifies the property as "$171,953.18 in funds from Account Nos. 1851349546 and 1080022185 held in the name of Global Consulting Group, Inc. at Comerica Bank, 39200 Six Mile Road, Livonia MI, 48152-2689." Mot., Ex. E. It asserts a claim "because Comerica has a valid, good faith, and legally cognizable interest in the seized property as lien holder the loan documents [sic] and had no knowledge of any illegal activities on the part of its borrowers," and attaches several pages of loan documents. *Ibid.* The petition is signed by two individuals. One is Barbara Utterback, a vice president, who signed underneath the statement "Unless otherwise stated, Comerica Bank has retained the above-named attorney to represent Comerica Bank in this matter. I have reviewed the foregoing petition and found that its contents are accurate to the best of my information and belief. I affirm that if Comerica receives any compensation for its losses, it will immediately notify the official who grants this petition (if it is granted) of that fact. I understand that this petition will be governed by the regulations, including definitions of terms such as "victim" and "related offense," set forth in 28 C.F.R. § 9.1, et. seq.." *Ibid.* On the next page, Ms. Jasinski signed her name

underneath the statement, "I hereby declare under penalty of perjury that upon information and belief the foregoing petition, including any attachments thereto, is true and correct in every respect." *Ibid.*

On July 11, 2008, Wanda Vela of CBP sent Jasinski a letter denying the petition as untimely and because it "does not meet the standards for a proper claim . . ." Mot., Ex. D. On December 1, 2008, Comerica filed a motion to set aside the forfeiture in this Court, to which the government responded.

II.

Section 981 of title 18 authorizes the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 . . . or any property traceable to such property." 18 U.S.C. § 981(a)(1)(A). The government has alleged that the funds that had been on deposit at Comerica Bank in the accounts of Global Consulting Group, Inc. and Raghu Vupputuri were the proceeds of money laundering, 18 U.S.C. § 1956, and the forgery of visas, passports, and other entry documents, 18 U.S.C. § 1546. There appears to be no dispute to those allegations, so the money is subject to forfeiture.

Section 983 of title 18, enacted as part of the Civil Asset Forfeiture Reform Act ("CAFRA"), provides procedures that govern "all civil forfeitures under federal law unless the particular forfeiture statute is specifically exempted in 18 U.S.C. § 983(i)(2)." *United States v. One TRW, Model M14, 7.62 Caliber Rifle*, 441 F.3d 416, 418 (6th Cir. 2006) (quoting *Deep Sea Fisheries, Inc. v. 144,774 Pounds of Blue King Crab*, 410 F.3d 1131, 1134 (9th Cir. 2005)); *see also* 18 U.S.C. § 983(a)(1)(A)(i) & (i)(1) (stating that it applies to "any nonjudicial civil forfeiture proceeding under

a civil forfeiture statute" subject to certain exceptions). None of the exceptions applies here, and the parties agree that section 983 applies to this case.

Comerica claims that it has an interest in the deposited funds because it loaned money to Global and Vupputuri, and the accounts were pledged as security for the loans. The bank says it is entitled to the funds because it had no knowledge of its customers' illegal activities. According to the applicable statute, "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence." 18 U.S.C. § 983(d). Comerica's security interest brings it within the definition of statutory "owner," 18 U.S.C. § 983(d)(6); however, to challenge the forfeiture, Comerica must make a claim to the government within a prescribed time limit after it is notified of the forfeiture, *see* 18 U.S.C. § 983(a)(2)(B). Under the statutory procedure, the notice of forfeiture by the government agency starts the claim period.

Section 983 requires that in non-judicial civil forfeiture proceedings, the government must provide notice to interested parties "in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." 18 U.S.C. § 983(a)(1)(A)(i). Any person who wishes to file a claim over the property may do so "with the appropriate official after the seizure." 18 U.S.C. § 983(a)(2)(A). This claim "may be filed not later than the deadline set forth in a personal notice letter (which deadline may be not earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure." 18 U.S.C. § 983(a)(2)(B).

In this case, CBP sent its forfeiture notice to the Comerica Bank branch on November 29, 2007, notifying the bank that it had 35 days to file a petition for relief from the seizure. Comerica

did not file its petition until February 22, 2008, well after the 35-day period expired. Since no claim was filed within the allowable period, the government entered a declaration of forfeiture. Comerica's claim to the funds was rejected as untimely, among other reasons.

Comerica now seeks to set aside the forfeiture. A forfeiture can be upset only by bringing a motion under 18 U.S.C. § 983(e), which states:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
>
> > (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> >
> > (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e). This motion "shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). The Court lacks jurisdiction to review the merits of the forfeiture determination, but can only review the procedures followed. *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005).

Comerica's argument is this: it was entitled to written notice of the forfeiture because of its interest in the accounts (which is undisputed); section 953(a)(1)(A)(i) requires the notice to interested parties to be "proper notice"; the notice CPB sent to the branch was not "proper notice" because a copy was not sent to the bank's attorney as previously requested; the bank did not receive proper written notice; therefore the bank is entitled to relief under section 983(e). Comerica also argues alternatively that its claim was timely either because the letter Ms. Jasinski sent on November

-8-

8, 2007 amounted to a claim, or the formal claim it filed on February 22, 2008 was made within 35 days of the last publication date.

The Court finds merit in none of these arguments.

First, Comerica has not established all the elements for relief under the terms of the statute. Section 983(e) allows the Court to grant relief from forfeiture after expiration of the claim period if the movant shows (1) it is entitled to written notice of the forfeiture; (2) it did not receive notice; (3) the government knew or should have known of the movant's interest in the property; (4) the government failed to take reasonable steps to provide notice; and (5) "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e). Comerica cannot satisfy the last element because it had actual knowledge of the seizure; the government took the money from the accounts in the possession of the bank even *before* the forfeiture notice was sent. Moreover, Comerica does not deny receipt of the forfeiture letter, and it admits its attorney was in contact with a government attorney within a week of the seizure of the funds.

Comerica also claims that the request made by Comerica's counsel that the AUSA "keep [her] in the loop on how this matter progresses" and that the attorney "be provided notice" constitutes a binding requirement on the United States Attorney (a different agency than the one pursuing the forfeiture) to provide notice to the bank's attorney, and the failure to do so renders any notice sent to Comerica improper. It bears repeating that Ms. Jasinski's request was only for a courtesy copy of any notices sent to the bank itself ("I would appreciate it if, to the extent you can, you would be so kind to keep me in the loop on how this matter progresses."). Comerica cites no authority in the statute or elsewhere that allows a potential claimant to impose enhanced notice

-9-

requirements on the United States. And there is no indication that the United States agreed to this request or misled Comerica in any way.

To find legal support, Comerica points to other statutes and rules, which it claims provides persuasive analogous obligations for service upon counsel. They do not. Comerica notes that under the Bankruptcy code, creditors may designate an address for notices to be sent. 11 U.S.C. § 342(e). Indeed, that statute allows individuals to restrict the types of notice that will suffice. If Congress intended to create a similar right to forfeiture contestants, it is evident that it knew how to do it. The absence of such a provision in the Civil Asset Forfeiture Act suggests that the failure to serve a forfeiture notice on the attorney for a represented claimant does not undermine the fact that the notice was "sent in a manner to achieve proper notice." *See* 18 U.S.C. 983(a).

Comerica also states, without explanation, that sending a certified letter to Comerica was insufficient under the federal rules, presumably relying on Federal Rule of Civil Procedure 5's edict that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1). That argument ignores the fact that the forfeiture in this case was non-judicial, well outside the purview of the Federal Rule of Civil Procedure. The requirements of the civil litigation rules do not establish or even augment the statutory procedures for administrative forfeiture.

Finally, Comerica argues that the Michigan Rules of Professional Conduct forbid a lawyer from contacting a client that the lawyer knows is represented. Mich. R. Prof. Conduct 4.2. However, Rule 4.2 permits contact when "authorized by law," such as when an attorney must serve notice directly on a client. *See* 9A Wright & Miller, Federal Prac. & Proc. 3d § 2454 (noting that Rule 45 subpoenas must be served directly on individual, and service on attorney is insufficient);

-10-

Rest. (Third) Law Governing Lawyers § 99 comment g. Moreover, the notice was provided by Wanda Vela, a forfeiture officer with CBP, who does not appear to be an attorney, and therefore the Michigan Rules of Professional Conduct do not apply to her.

Although this has not been raised by the parties, notice also must satisfy the requirements of Constitutional due process. *See United States v. Dusenbery*, 201 F.3d 763, 766 (6th Cir. 2000); *see also Lobzun v. United States*, 422 F.3d 503, 507 (7th Cir. 2005). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Dusenbery v. United States*, 534 U.S. 161, 167 (2002). "The 'reasonably calculated' standard is now widely accepted as the benchmark for resolving questions about the constitutionality of notice procedures." *Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005). The use of certified mail to a claimant's last known address – which apparently was done here – typically satisfies due process, even in the absence of actual notice. *Dusenbery*, 534 U.S. at 171; *Lobzun*, 422 F.3d at 507 (noting that "[a]bsent exceptional circumstances, written notice of forfeiture by certified mail to the claimant's residence satisfies due process, even if the claimant does not receive actual notice"). One exception to this rule is "when initial personal notice letters are returned undelivered, the government must make reasonable additional efforts to provide personal notice." *United States v. Ritchie*, 342 F.3d 903, 911 (9th Cir. 2003) (collecting cases). Yet there is no indication that the letter was returned and marked as undeliverable.

Certainly, it would have been courteous, and even perhaps desirable, for the government to provide notice in accordance with Comerica's request; however, claimants' requests for convenience do not determine what is required under the due process clause. The mere fact that more could have been done does not make the effort at notice constitutionally suspect. *See Karkoukli's*, 409 F.3d at 284 ("For due process purposes, the focus must be on the constitutional adequacy of the statutory procedure and not on whether some additional effort in a particular case would have in fact led to a more certain means of notice."). The Court need not determine the limits of the concept of "proper notice" within the meaning of 18 U.S.C. § 953(a)(1)(A)(i). The evidence indicates that Comerica received actual notice of the seizure and an actual copy of the forfeiture letter. However, "proper notice" is defined, actual notice surely must fall within that definition.

The notice, therefore, was valid when it was sent to the client rather than the attorney. Comerica intimates briefly that "Comerica Bank's petition was timely because it was sent to ICE within 30 days of the last publication." Br. at 5. Although the statute does allow a claim to be filed within thirty days of the final publication of notice of seizure, this provision does not apply to a claimant who received other notice, unless "that letter is not received." 18 U.S.C. § 983(a)(2)(B). Comerica concedes that it received the letter at its Livonia, Michigan branch, so the fact that the formal petition was filed within thirty days of the last day of publication is irrelevant.

Comerica then advances the theory that its correspondence from Jasinski in October and November 2007, when "read together," constituted a claim. Although "[a] claim need not be made in any particular form," 18 U.S.C. § 983(a)(2)(D), each claim must: "(i) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under

-12-

oath, subject to penalty of perjury." 18 U.S.C. § 983(a)(2)(C). The most obvious defect in the correspondence was that it was not "made under oath, subject to penalty of perjury," and therefore cannot constitute a valid claim. *See ibid.* Nor is the set of letters signed by someone with personal knowledge. *See United States v. Currency $267,961.07*, 916 F.2d 1104, 1108 (6th Cir. 1990) (holding that the requirement of verification makes the "notarized signature of an attorney . . . insufficient . . ."). "The purpose of [the oath] requirement is to prevent the danger of false claims in forfeiture proceedings by informing the court on oath or affirmation that the claimant is entitled to contest the forfeiture action by virtue of his interest in the defendant property." *Id.* at 1107. Although this case interprets a different procedure for contesting a forfeiture action, the Court believes it applies with equal force to the oath requirement of section 983.

The Court must conclude, therefore, that Comerica has not filed a timely and proper claim within the statutory period. Therefore, it is not entitled to relief under 18 U.S.C. § 983(e).

III.

The Court must conclude that the government served proper notice of forfeiture upon Comerica Bank, and Comerica's claim against the forfeited assets was untimely. Moreover, the correspondence from counsel filed in October and November 2007 did not amount to a proper claim.

Accordingly, it is **ORDERED** that Comerica Bank's motion to set aside forfeiture [dkt #5] is **DENIED**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: May 14, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 14, 2009.

                                        s/Lisa M. Ware  
                                        LISA M. WARE